Arthur. H Piervincenti, P.A.
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: 118394

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| Amy R. Bryan,<br><br>       Plaintiff,<br><br>vs.<br><br>Everest Receivable Services, Inc.,<br><br>       Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Amy R. Bryan (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Everest Receivable Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

  1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

  2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

  3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

  4. At all relevant times, Defendant conducted business within the State of North Carolina.

## PARTIES

5. Plaintiff Amy R. Bryan is an individual who is a citizen of the State of North Carolina residing in Mecklenburg County, North Carolina.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Everest Receivable Services, Inc., is a New York Corporation with a principal place of business in Erie County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by telephone on or about October 22, 2019.

21. Defendant left Plaintiff a voicemail message. ("the Message").

22. The Message is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Message conveyed information regarding the alleged Debt.

24. The Message announced the call was from Defendant.

25. The Message announced the call was from a debt collector.

26. The Message announced that the Defendant was calling in an attempt to collect a debt.

27. The Message was played over Plaintiff's phone.

28. Prior to listening to the Message, Plaintiff had no way of knowing that Defendant had left the Message.

29. Prior to listening to the Message, Plaintiff had no way of knowing that there was a message from a debt collector.

30. The Message gave no warning or other notice that Plaintiff should listen to the Message in private.

31. The Message gave no warning or other notice that the Message was private or personal in nature.

32. The Message had no pause or other break that would have allowed Plaintiff to discontinue listening to the message if a third-party was present.

33. Plaintiff's sister heard the Message.

34. Plaintiff's sister was not aware of the Debt.

35. Plaintiff never gave Defendant consent to communicate with any third party in connection with the collection of the Debt.

36. Plaintiff did not give Defendant express permission to leave messages on the telephone that the Defendant called.

37. Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

38. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

39. Defendant's actions as described herein violate 15 U.S.C. § 1692c(b).

40. Plaintiff was caused significant embarrassment and humiliation as a result of the

Defendant's conduct.

41. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and is liable to Plaintiff therefor.

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

   a. Finding Defendant's actions violate the FDCPA; and

   b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   d. Granting Plaintiff's costs; all together with

   e. Such other relief that the Court determines is just and proper.

DATED: February 10, 2020

Arthur. H Piervincenti, P.A.

*s/Arthur. H Piervincenti*_____
By: Arthur. H Piervincenti
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: 118394