IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00086-RJC-DSC

| | |
|---|---|
| AMY R. BRYAN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EVEREST RECEIVABLE SERVICES INC., | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss for Failure to State a Claim" (Doc. 4) and the parties' briefs and exhibits. This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration. Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss for Failure to State a Claim be granted as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Accepting the factual allegations of the Complaint (Doc. 1) as true, this is an action brought by Plaintiff against Defendant for violation of the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. § 1692c(b). The Act prohibits a debt collector from "communicating" with third parties in connection with the collection of a consumer "debt." Plaintiff Amy R. Bryan is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant Everest Receivable Services Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Plaintiff's debt was assigned to Defendant for

1

Case 3:20-cv-00086-RJC-DSC   Document 10   Filed 06/18/20   Page 1 of 8

collection. On October 22, 2019, Defendant called Plaintiff's cellphone and left a voicemail message. That message was a "communication" as defined by 15 U.S.C. § 1692a(2) because it conveyed information regarding the alleged debt. The message also stated that it was from a debt collector. The message did not warn Plaintiff to listen to the message in private. When Plaintiff listened to the message, it was overheard by her sister. Her sister was unaware of the debt and Plaintiff suffered significant embarrassment.

On February 11, 2020, Plaintiff filed the present action. Doc. 1. On April 9, 2020, Defendant filed a 12(b)(6) Motion to Dismiss Plaintiff's Complaint. Doc. 4.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

2

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (alleging that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." Id. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . ." Id.; see also Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 175, 180 (4th Cir. 2000) (explaining that while the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Iqbal at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### A. Violations of the Act Do Not Occur Where the Consumer Disseminated Private Voicemail Messages

The Act defines the types of permissible communications in connection with debt collection:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgement judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (2018). The purpose of this statutory provision is to prevent "debt collectors" from calling third parties and disclosing information regarding a consumer's debt—not the consumer's voluntary dissemination of information to third parties as alleged in Plaintiff's Complaint. While there is some debate about whether a voicemail message may violate the Act, the act of purposefully making a private message public changes the

analysis. When the consumer shares a private message, this does not impute liability to a debt collector under the Act.

Other courts have rejected similar claims brought under the Act. In Fontell v. Hassett, 870 F. Supp. 2d 395, 399 (D. Md. 2012), plaintiff's complaint alleged that defendants violated certain provisions of the Act when they left a message seeking to collect dues from her condominium association. Id. at 401. She subsequently played the voicemail for a friend. Id. at 404. The plaintiff alleged that defendants violated § 1692c(b) of the Act. Id. In rejecting plaintiff's argument, the Court found that her "claim under § 1692c(b) of the FDCPA [failed] because [defendants] could not be said to have communicated information about the debt to Plaintiff's friend where Plaintiff is the one who later played the voicemail message for the third party." Id. Accordingly, the court dismissed plaintiff's claims under § 1692c(b) of the Act. Id.

Likewise, in Peak v. Prof'l Credit Serv., No. 6:14-cv-01856-AA, 2015 WL 7862774, at *1-*2 (D. Or. Dec. 2, 2015), the court considered whether two voicemail messages left on plaintiff's cellphone constituted communications with third parties. The first voicemail message was accessed by the plaintiff's boyfriend, who unbeknownst to defendant, was sharing plaintiff's cellphone. Id. at *1. Thereafter, defendant left another voicemail message which plaintiff played on speakerphone at work. Id. at *2. While plaintiff listened to this message, her boss entered the room and overheard it. Id. The Court concluded that while both of the messages were "communications" from a debt collector, they did not qualify as communications with third parties. Id. at *5-*6. The Court noted that defendant's messages were left on plaintiff's cellphone and not a landline, explaining "[t]he cell phone/land line distinction is important because a caller may reasonably assume messages left on a cellphone's voicemail system will not be accidentally overheard, as they must be accessed through the cell phone itself. By contrast, if any person is in

5

the vicinity of a land line answering machine, that person may overhear a message as it is being left." Id. at *6. Therefore, "it was reasonable for defendant to believe it was leaving a message that would be heard only by plaintiff." Id. That, in conjunction with plaintiff's previous statement informing defendant that her cellphone number "was the 'best' one at which to reach her" with no limiting instruction regarding leaving messages, led to the Court's conclusion that the two messages were not communications with third parties in violation of § 1692c(b). Id.

Here, the Complaint does not allege that Defendant communicated with Plaintiff's sister and disclosed the existence of a debt. Rather, Plaintiff is responsible for her sister overhearing the message. Plaintiff has alleged that she "played the message over Plaintiff's phone," such that her sister could hear the message. As in Fontell and Peak, where the consumer takes a private voicemail and makes it public, whether by playing it publicly or providing access to the voicemail through other means, the message cannot be construed as a communication with a third party. Accordingly, Defendant has not committed a violation of the Act.

**B. Plaintiff's Complaint Attempts to Impermissibly Expand the Scope of the Act**

The statutory purpose of the Act is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2018). In explaining the need for the Act, Congress highlighted truly egregious collection practices including the "use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public

6

officials and attorneys, and simulating legal process." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) (internal citations and quotation marks omitted).

Plaintiff's Complaint attempts a marked departure from the plain language of the statute and its intended purposes. She alleges that Defendant is at fault because it did not warn her to listen to the voicemail message in private. But there is no such duty imposed under the Act. Plaintiff's own conduct resulted in a private communication being overheard. Her decision to play the message in the presence of others is outside of Defendant's control. Section 1692c(b) cannot be read to hold debt collectors liable for the conduct of consumers. Plaintiff's interpretation of the Act would allow consumers to manufacture claims by sharing voicemail messages with third parties. Plaintiff's Complaint clearly falls outside the scope of the Act.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion to Dismiss for Failure to State a Claim" (Doc. 4) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

7
Case 3:20-cv-00086-RJC-DSC     Document 10     Filed 06/18/20     Page 7 of 8

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: June 18, 2020

David S. Cayer
United States Magistrate Judge