UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00086-RJC-DSC

| | |
|---|---|
| AMY R. BRYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| EVEREST RECEIVABLE SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant Everest Receivable Services, Inc.'s Motion to Dismiss for Failure to State a Claim ("Motion"), (Doc. No. 4), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10). The Court has reviewed all associated filings to the Motion and M&R. The matter is now ripe and ready for the Court's decision.

**I. BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

#### A. Motion to Dismiss for Failure to State a Claim Standard

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not

Case 3:20-cv-00086-RJC-DSC    Document 14    Filed 09/24/21    Page 2 of 9

necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### B. Communication with Third Party

At issue in this case is whether the voicemail, which Everest left on Plaintiff's personal cell phone, and which Plaintiff voluntarily disseminated to her sister, constitutes a third-party communication in violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 et seq.

The M&R found the voicemail was not an impermissible third-party communication because there is an expectation of privacy on a personal cell phone, and it was Plaintiff who voluntarily disseminated the information. (Doc. No. 10 at 4–6). The M&R also relied on the Fontell and Peak cases as support and noted the public policy concern of improperly expanding the Act, finding that "Plaintiff's interpretation of the Act would allow consumers to manufacture claims by sharing voicemail messages with third parties." (Id. at 5–7). In objection, Plaintiff argues that the complaint plausibly alleges an impermissible communication with a third party because the FDCPA is a strict liability statute that broadly defines communication. (Doc. No. 11 at 2). Plaintiff also notes a "litany of cases" that the M&R allegedly failed to address and "which

held that the FDCPA does not confer a right upon debt collectors to leave voice mail messages for consumers." (Id.). In response, Everest argues (i) that Plaintiff's objection is substantively improper as it rehashes arguments previous briefed, (ii) that Plaintiff misapprehends the M&R and "failed to cite to any relevant case law," and (iii) that the objection is procedurally improper as it was signed by an attorney who is not admitted in the district. (Doc. No. 12 at 1–2). Everest also filed a notice of supplemental authority (from an almost identical case in this same district with the same Plaintiff) where the court dismissed Plaintiff's § 1692c(b) claim for an improper third-party communication. (Doc. No. 13-1). As explained in more detail below, this Court finds that the voicemail was not a third-party communication.

The FDCPA makes it illegal for debt collectors to communicate with third parties regarding the collection of any debt. In particular, the FDCPA states:

(b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). The FDCPA defines a communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692(a)(2). In the Fourth Circuit, the "FDCPA is a strict liability statute." McLean v. Ray, 488 F. App'x 677, 682 (4th Cir. 2012).

For purposes of ruling on the Motion, the Court accepts as true all factual allegations in the Complaint. The pertinent facts are as follows:

- Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), (Doc. No. 1 at ¶ 7);
- Everest is a "debt collector" as defined by 15 U.S.C. § 1692a(6), (Doc. No. 1 at ¶ 13);

4

- Everest was assigned the Plaintiff's account for collection, (Doc. No. 1 at ¶ 19);

- Everest commenced collection activities, (Doc. No. 1 at ¶ 20);

- On October 22, 2019, Everest contacted Plaintiff, via her cell phone, and left a voicemail, (Doc. No. 1 at ¶¶ 20–21);

- The message conveyed information regarding the alleged debt and the message noted that it was from a debt collector, (Doc. No. 1 at ¶¶ 23–25);

- The message did not warn Plaintiff to listen to the message privately, (Doc. No. 1 at ¶ 30);

- The message gave no pause or break to allow Plaintiff to discontinue listening, (Doc. 1 ¶ 32);

- The message was "played over Plaintiff's phone," (Doc. 1 ¶ 27);

- Plaintiff's sister heard the message, (Doc. 1 ¶ 33); and

- Plaintiff's sister was unaware of the debt and Plaintiff was caused significant embarrassment, (Doc. 1 ¶¶ 34, 40).

There is no controlling Fourth Circuit law that answers the question whether a cell phone voicemail that is overhead by a non-debtor constitutes an impermissible third-party communication under the FDCPA. While a voicemail is clearly a communication as it conveys information, this Court must determine whether the voicemail constitutes a third-party communication. The Bryan case is instructive in this endeavor. Bryan v. Allied Interstate LLC, 513 F. Supp. 3d 686 (W.D.N.C. 2021).

Bryan was a nearly identical case brought against a debt collection company by the same Plaintiff in the instant case. In the Bryan case, Plaintiff played a voicemail on her cell phone from a debt collector which was overheard by her sister and mother. Id. at 688. When analyzing

5

the relevant case law, the court made a telling distinction between cases involving an answering machine on a landline and a voicemail on a cell phone. Id. at 691–93. In particular, the court found that cell phone voicemails, unlike landline answering machines, are directly within a debtor's control and remain private unless the debtor voluntarily disseminates the information. Id.

> [T]here are simply no facts alleging Defendant engaged in the inherently risky behavior of leaving a voice message on a phone that could be easily accessed by persons other than Plaintiff. . . . Simply put, leaving a message on a private, personal cell phone cannot be construed as a communication with a person other than the consumer who owns the phone; to hold otherwise would be to impermissibly expand the scope of the FDCPA and its intended purposes.

Id. at 693. The court thus found a distinction between messages on landline answering machines, which may constitute a third-party communication, and voicemails on a cell phone, which are not third-party communications. Of importance, this distinction holds true in all the cases cited by the parties in the instant case.

In Peak,[1] a debt collector left two voicemails on plaintiff's cell phone that were heard by third parties. Peak v. Pro. Credit Serv., No. 6:14-CV-01856-AA, 2015 WL 7862774, at *1–2 (D. Or. Dec. 2, 2015). The first voicemail was heard by plaintiff's boyfriend when he played the message as, unbeknownst to the debt collector, the boyfriend shared a cell phone with the debtor. Id. The second voicemail was overheard by plaintiff's boss when plaintiff played the voicemail on speaker. Id. The court granted defendant's motion for summary judgment and dismissed the claims after noting the difference between a cell phone voicemail and a landline answering machine, stating:

> The cell phone/land line distinction is important because a caller may reasonably assume messages left on a cell phone's voicemail system will not be accidentally

---

[1] The Court is aware that a negligence standard was used in Peak. However, this is of little consequence as even under a strict liability standard Everest is not at fault because the cell phone voicemail is not a third-party communication.

6

overheard, as they must be accessed through the cell phone itself. By contrast, if any person is in the vicinity of a land line answering machine, that person may overhear a message as it is being left.

Id. at *6.

Likewise, in Nelson, the debt collector left a voicemail on plaintiff's cell phone that was overheard by a third party. Nelson v. Receivables Outsourcing, LLC, 2018 WL 3854796, at *1 (D.N.J. Aug. 14, 2018). The voicemail also automatically displayed as a text message which was observed by a third party. Id. In granting the debt collector's motion to dismiss the claim, the court determined there was no third-party communication "where a communication is directed specifically at the debtor," especially when the debtor controls the instrumentality (i.e., cell phone). Id. at 3–4.

In Fontell, the plaintiff listened to a voicemail from a debt collector on her cell phone and then subsequently played the voicemail for a friend. Fontell v. Hassett, 870 F. Supp. 2d 395, 399–400 (D. Md. 2012). This case is not as persuasive as the previously listed cases because the plaintiff knew the contents of the voicemail before disseminating it to a third party, Id. at 404, but it still holds true to the personal cell phone/landline distinction like in Bryan, Peak, Nelson, and Fontell, which were each cited by Everest.

This distinction also holds true for each case cited by Plaintiff as Plaintiff failed to cite to a single case where a court found a personal cell phone voicemail constituted a third-party communication. To the contrary, the cases cited by Plaintiff highlight the difference between a cell phone voicemail and a landline answering machine. See, e.g., Marisco v. NCO Fin. Sys., Inc., 946 F. Supp. 2d 287, 295 (E.D.N.Y. 2013) (involved message on landline answering machine where the court noted that "leaving a message on an answering machine is 'inherently risky' because it is well known that, unlike a voicemail message, a message left on an answering

7

machine can be easily heard within a certain distance"); Friedman v. Sharinn & Lipshie, P.C., No. 12-cv-3452, 2013 WL 1873302, at *1 (E.D.N.Y. Mar. 28, 2013) (involved message on landline answering machine); Travers v. Collecto, Inc., No. 12-cv-11557, 2013 WL 55819, at *1 (D. Mass. Jan. 2, 2013) (involved automated phone calls to plaintiff's former residence); Reich v. Van Ru Credit Corp., 191 F. Supp. 3d 668, 669 (E.D. Tex. 2016) (involved message left on work phone); Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336 (S.D. Fla. 2008) (involved message on landline answering machine); Leahey v. Franklin Collection Service, Inc., 756 F. Supp. 2d 1322, 1324–25 (N.D. Ala. 2010) (involved message on landline answering machine); F.T.C. v. Check Enforcement, No. Civ. A. 03–2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005) (involved message on landline answering machine); Nicaisse v. Stephens & Michaels Assocs., Inc., No. 14-CV-1570, 2015 WL 9462106, at *1 (E.D.N.Y. Dec. 28, 2015) (involved message on landline answering machine); Lande v. Online Info. Servs., Inc., No. 15-cv-5726, 2016 WL 6609563, at *1 (E.D.N.Y. Nov. 3, 2016) (involved message on landline answering machine).

Moreover, this Court finds that voicemails left on personal cell phones that are inadvertently overheard are akin to previous cases where properly addressed mail was inadvertently opened by a third party. See, e.g., Davis v. Phelan Hallinan & Diamond PC, 687 F. App'x 140, 144–45 (3d Cir. 2017) ("[A] letter addressed specifically to the debtor does not communicate with a third party, even if it is mailed to the address of a third party. That is because a letter in an envelope addressed only to the debtor does not convey information 'to any person' other than the debtor."). Like a letter that is personally addressed, a targeted voicemail message left on a personal cell phone that is disseminated by the debtor cannot be a third-party communication. To do so would make debt collectors liable whenever a personalized

8

communication to a debtor is disseminated to a third-party by the debtor himself. Such a scenario runs afoul of the FDCPA's intended purpose to prevent debt collectors from utilizing truly offensive means to collect a debt. Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) (noting that the FDCPA arose because of "abuses such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.") (internal quotations omitted). Moreover, allowing causes of action to arise when debtor's play their personal cell phone voicemails aloud would incentivize plaintiff's to manufacturer FDCPA claims.

Therefore, this Court finds that voicemails left on personal cell phones are not third-party communications under the FDCPA when the debtor voluntarily disseminates the information. Everest's other substantive and procedural arguments regarding Plaintiff's objection are moot in light of this finding.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 10), is **ADOPTED**;
2. Defendant Everest Receivable Services, Inc.'s Motion to Dismiss for Failure to State a Claim, (Doc. No. 4), is **GRANTED**.

The Clerk is directed to close this case.

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge